The majority does not take issue with the trial court's conclusion appellee's son was not conducting drug activity out of her home. Rather, the majority relies upon the fact circumstantial evidence was presented appellee's son was conducting drug activity near the leased premises.[1] Although the circumstantial evidence supports such inference, it does not require the trier-of-fact to so infer. The inference is merely permissible, it does not give rise to a conclusive or irrebuttable presumption. In the absence of findings of fact and conclusions of law, we must presume the trier-of-fact found such evidence insufficient to warrant such a conclusion.
I would affirm the trial court's judgment.
 -------------------------- JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Alliance Municipal Court is reversed, and this case is remanded to that court for further proceedings according to law. Costs to appellees.
--------------------
--------------------
 -------------------- JUDGES
[1] I have no doubt the policy reason behind Section 10(C) of the lease is well intended and the clause was inserted for a legitimate and worthy purpose. Nonetheless, I find a lease provision holding a tenant responsible for criminal activity committed by a visitor or guest occurring off the leased premises (albeit, nearby), beyond the tenant's control and requiring no causal connection between the criminal activity and the leased premises, at its best, is problematic and, at its worst, is unfair.